# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF COLORADO

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| BATTALION RESOURCES, LLC | ) | Case No. 16-18917 TBM |
| EIN: 27-4944324, | ) | Chapter 11 |
| | ) | |
|    Debtor. | ) | |
| | ) | |
| In re: | ) | |
| | ) | |
| STORM CAT ENERGY (USA) OPERATING | ) | |
| CORPORATION | ) | Case No. 16-18920 TBM |
| EIN: 20-2561097, | ) | Chapter 11 |
| | ) | |
|    Debtor. | ) | |
| | ) | |
| In re: | ) | |
| | ) | |
| STORM CAT ENERGY (POWDER RIVER), LLC | ) | Case No. 16-18922 TBM |
| EIN: 20-2561157, | ) | Chapter 11 |
| | ) | |
|    Debtor. | ) | |
| | ) | |
| In re: | ) | |
| | ) | |
| STORM CAT ENERGY ACQUISITIONS, LLC | ) | Case No. 16-18925 TBM |
| EIN: 45-3126793, | ) | Chapter 11 |
| | ) | |
|    Debtor. | ) | |
| | ) | |
| | ) | **Jointly Administered as** |
| | ) | **Case No.** |

## MOTION FOR ENTRY OF AGREED INTERIM AND FINAL
## ORDERS AUTHORIZING USE OF CASH COLLATERAL

      Battalion Resources, LLC, Storm Cat Energy (USA) Operating Corp., Storm Cat Energy (Powder River), LLC and Storm Cat Energy Acquisitions, LLC (the "Debtors"), by and through

its undersigned counsel, move for entry of an interim order (the "Interim Order") and final order pursuant to 11 U.S.C. §§ 362(c)(2) and (e) and Fed. R. Bankr. P. 4001 and 6003, authorizing the Debtors to use cash that is the collateral of the Debtors' prepetition secured lenders and granting adequate protection to the secured lenders, as set forth below.  In support of this Motion, the Debtors state as follows:

## BACKGROUND

1. On September 8, 2016 (the "Petition Date"), the Debtors filed their voluntary petitions under Chapter 11 of Title 11 of the United States Code in the United States Bankruptcy Court for the District of Colorado.

2. As set forth in the Affidavit of Christopher Naro In Support of Motion Seeking Expedited Entry of Orders and Notice of Impending Hearing Thereon (the "Naro Affidavit"), the Debtors own interests in oil and gas properties, leases, contracts, and related assets, most of which are located in the Powder River Basin in Wyoming. The Debtors ceased production before the Petition Date.

3. The Debtors are parties to that certain Third Amended and Restated Credit Agreement, dated as of December 8, 2011, by and among the Debtors and certain of their affiliates as Borrowers and Guarantors, the lenders party thereto (the "Lenders") and JPMorgan Chase Bank, N.A. as agent (the "Agent"), as amended as of the Petition Date (the "Loan").  As of August 31, 2016, the outstanding amounts due under the Loan total $ $34,060,662.00, plus additional interest and fees. Pursuant to a Seventeenth Amendment to the Loan dated July 31, 2016, the Loan matures on September 30, 2016.

4. The Loan is secured in part by a Third Amended and Restated Security Agreement, dated December 8, 2011 (the "Security Agreement"). Pursuant to the Security Agreement, the Debtors granted the Lenders a first priority security interest in all of their current and after-acquired assets, including their equipment, accounts, chattel paper, general intangibles, documents, instruments, inventory, and all other collateral and cash collateral (the "Collateral").

5. Pursuant to UCC Financing Statements and assignments to the Lenders recorded on December 9, 2011, in Delaware and Colorado, Lenders have a perfected lien interest in the Collateral (the "UCC Financing Statements"). In addition to the UCC Financing Statements, Lenders perfected their liens on the Collateral through mortgages and assignments recorded in: Sheridan County, Wyoming; Campbell County, Wyoming; Johnson County, Wyoming; Sweetwater County, Wyoming; Weston County, Wyoming; Crook County, Wyoming; Big Horn County, Montana; Powder River County, Montana; and Rosebud County, Montana.

6. All of the Debtors' cash and the revenues, receivables, proceeds, products, and profits of the Collateral constitute cash collateral within the meaning of Bankruptcy Code § 363(a) (the "Cash Collateral"). BP Energy Company ("BP") may claim an interest in the Debtors' Cash Collateral pursuant to that certain ISDA Master Agreement and Schedule thereto dated as of June 11, 2012, and a related Security Agreement among BP and the Debtors dated June 11, 2012 (the "BP Security Interest").  The BP Security Interest is subordinate and junior to Lender's interest in Cash Collateral under an Intercreditor Agreement dated June 11, 2012.

7. On or about the Petition Date, the Debtors and Powder River Holdings, LLC ("Purchaser") entered into an Asset Purchase Agreement (the "APA"), pursuant to which the Purchaser has agreed to purchase substantially all of the Debtors' assets in a sale to be conducted pursuant to 11 U.S.C. § 363 and to assume certain executory contracts and unexpired leases (the "Sale"). As reflected in the Naro Affidavit, the Debtors will be filing a motion seeking approval of the APA and sale procedures on an expedited basis in these Chapter 11 cases (the "Sale Motion"). A copy of the APA will be attached the Sale Motion. The deadline for the Sale to close is December 2, 2016 (the "Drop Dead Date").

8. In order to continue to operate while in Chapter 11 in the ordinary course of business until the Sale occurs, the Debtors must be able to, among other things, use the remaining cash in the ordinary course of these Chapter 11 cases. Without access to Cash Collateral, the Debtors will be unable to operate while in Chapter 11 and be unable to achieve their goals in connection with these Chapter 11 cases, including a successful Sale.

9. Lenders possess perfected, first priority liens against the property described below. Pursuant to Debtors' obligations under Bankruptcy Code § 363(c) and (e), Debtors have requested that Lenders consent to the use of Lenders' collateral, including the Cash Collateral, as contemplated by Bankruptcy Code § 363(c)(2)(A).

10. Lenders and Agent have indicated their willingness to allow the Debtors to use the Collateral (defined below) and Cash Collateral (defined below) in which the Lenders hold a perfected security interest, but only on the specific terms and conditions set forth in the Interim Order (a copy of the Interim Order is attached as Exhibit 1, with the budget as Exhibit A to the Interim Order).

**TERMS OF THE INTERIM ORDER**

11. Entities Claiming an Interest in the Cash Collateral. Lenders have an interest in the Cash Collateral. Pursuant to the BP Intercreditor Agreement, the BP Security Interest and liens in the Cash Collateral are subordinate and junior to that of Lenders. (Interim Order at ¶ I).

12. Purpose for Use of Cash Collateral. The Debtor seeks to use the Cash Collateral in the ordinary course of business to (i) permit the orderly continuation of the operation of their business and the management and preservation of the Debtors' assets and properties, (ii) maintain business relationships with creditors and parties in interest, (iii) satisfy other working capital and operational needs, (iv) maintain the value of the Debtors' estates, (v) pay the statutory fees of the Clerk of the Bankruptcy Court and the United States Trustee pursuant to 28 U.S.C. § 1930(a), and (vi) pay the unpaid reasonable fees and expenses actually incurred on or after the Petition Date and allowed and approved by order of the Bankruptcy Court under §§ 330 and 331 of the Bankruptcy Code to professional persons retained under §§ 327 or 1103 pursuant to an Order of the Court by the Debtors, all in conformity with the budget attached thereto (the "Budget"). A copy of the Budget is attached as Exhibit A to the Interim Order. (Interim Order at ¶¶ B, D).

13. Term. Pursuant to the Interim Order, the Debtors are authorized to use the Cash Collateral until the earlier of **(i) November 30, 2016**, which date may be extended by mutual

agreement of the Lenders and Debtors without the need to obtain further an order of the Bankruptcy Court; or **(ii)** the occurrence of one of the events of default listed therein, including the failure to close the Sale by the Drop Dead Date. (Interim Order at ¶ F).

14. <u>Liens, Payments, Adequate Protection Provided to Lender</u>. As adequate protection for the use of the Collateral and Cash Collateral pursuant to sections 361 and 363(e) of the Bankruptcy Code, Lenders shall be granted, pursuant to the Interim Order:

a. To the extent of any diminution in the value of Lenders' interest in the Collateral resulting from the use of the Cash Collateral pursuant to the Interim Order, a first priority replacement lien on all of the unencumbered assets and property presently owned or hereafter acquired by the Debtors or the Debtors' estates. Such lien on such assets and property shall have the same validity and priority as its liens on the Collateral, effective as of the Petition Date, without the need for the execution or filing of any document or instrument otherwise to be executed or filed under applicable nonbankruptcy law, and shall have priority over any post-petition financing obtained pursuant to Bankruptcy Code § 364;

b. To the extent of any diminution in the value of Lenders' interest in the Collateral resulting from the use of the Cash Collateral pursuant to the Interim Order, a junior priority replacement lien on all of the assets and property presently owned or hereafter acquired by the Debtors or the Debtors' estates subject to an otherwise valid security interest, including such property acquired on and after the Petition Date (the "Post-Petition Collateral"), except avoidance actions under the Bankruptcy Code. Such lien on the Post-Petition Collateral shall have the same validity and priority, subject only to such valid prior liens, as its liens on the Collateral, effective as of the Petition Date, without the need for the execution or filing of any document or instrument otherwise to be executed or filed under applicable nonbankruptcy law, and shall have priority over any post-petition financing obtained pursuant to Bankruptcy Code § 364;

c. To the extent of any diminution in the value of Lender's interest in the Collateral resulting from the use of the Cash Collateral pursuant to this Order, an allowed administrative expense claim under Bankruptcy Code § 507(b), which shall have the same priority as all other administrative expenses in this Case;

d. A secured interest in the Collateral resulting from the use of the Cash Collateral pursuant to this Order, in the amount of interest and fees, including reasonable attorney fees, which shall accrue in accordance with the terms and provisions of the Loan and as allowed by applicable law.

(Interim Order at ¶ I). Pursuant to L.B.R. 4001-3, the Debtors agree to certain releases of Lender in connection with the Loan. (Interim Order at ¶ 13).

15. Approval of Debtors' use of Cash Collateral in accordance with this Motion and pursuant to the Interim Order is in the best interest of the Debtors, creditors, and the estates, as it will allow the Debtors to wind down business operations and effectuate a successful Sale. Absent

use of cash collateral to effectuate the Sale, the Debtors will be unable to maintain any operations or potential value for creditors.

16. The undersigned counsel has been authorized to represent to the Court that the Lenders and Agent have agreed to the relief requested in this Motion on the condition that the Interim Order is entered as proposed. Lender consents to the use of Cash Collateral for purposes of § 363(c)(2)(A), as set forth in the Naro Affidavit.

**WHEREFORE**, the Debtors requests entry of an Interim Order granting the relief requested in this Motion *nunc pro tunc* to the Petition Date, setting a final hearing thereon, and for such other relief as deemed appropriate.

Dated: September 12, 2016.

**LINDQUIST & VENNUM LLP**

By:    /s/Theodore J. Hartl
      Theodore J. Hartl, #32409
      Harrie Lewis, #10972
      Stephanie A. Kanan, #42437
600 17th Street, Suite 1800 South
Denver, CO, 80202-5441
Telephone: (303) 573-5900
Facsimile: (303) 573-1956
thartl@lindquist.com

*Proposed Counsel for Battalion Resources, LLC, Storm Cat Energy (USA) Operating Corp., Storm Cat Energy (Powder River), LLC* and *Storm Cat Energy Acquisitions, LLC*