# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| In re:<br><br>BATTALION RESOURCES, LLC<br>EIN: 27-4944324,<br><br>          Debtor. | )<br>)<br>) Case No. 16-18917 TBM<br>) Chapter 11<br>)<br>)<br>)<br>) |
| In re:<br><br>STORM CAT ENERGY (USA) OPERATING<br>CORPORATION<br>EIN: 20-2561097,<br><br>          Debtor. | )<br>) Case No. 16-18920 TBM<br>) Chapter 11<br>)<br>)<br>)<br>)<br>) |
| In re:<br><br>STORM CAT ENERGY (POWDER RIVER), LLC<br>EIN: 20-2561157,<br><br>          Debtor. | )<br>)<br>) Case No. 16-18922 TBM<br>) Chapter 11<br>)<br>)<br>)<br>) |
| In re:<br><br>STORM CAT ENERGY ACQUISITIONS, LLC<br>EIN: 45-3126793,<br><br>          Debtor. | )<br>) Case No. 16-18925 TBM<br>) Chapter 11<br>)<br>) **Jointly Administered as**<br>) **Case No. 16-18917 TBM**<br>)<br>) |

## COVERSHEET FOR
## FIRST INTERIM FEE APPLICATION OF THE THRONE LAW OFFICE, P.C.  FOR ALLOWANCE OF COMPENSATION AS SPECIAL COUNSEL FOR THE DEBTORS

Name of Applicant: The Throne Law Office, P.C.

Authorized to Provide Professional Services To:  Battalion Resources, LLC, Storm Cat Energy (USA) Operating Corporation, Storm Cat Energy (Powder River), LLC and Storm Cat Energy Acquisitions, LLC (the "Debtors")

Date of Employment Order:  September 19, 2016, *nunc pro tunc* to September 16, 2016[1]

Period for Which Compensation is Sought: September 1, 2016, to January 11, 2017.

Amount of Fees Sought:    $11,554.25
Amount of Costs Sought:      $764.72
Total:                     $12,318.97
This is a: First Interim Application

If this is <u>not</u> the first application filed herein by this professional, disclose as to all prior fee applications:

| Date Filed | Period Covered | (Fees & Expenses) | Total Requested | Total Allowed |
|------------|----------------|-------------------|-----------------|---------------|
| N/A        | N/A            | N/A               | N/A             | N/A           |

The aggregate amount of fees and expenses paid to the Applicant to date for services rendered and expenses incurred herein is: $0.00.

Dated this 13th day of January, 2017.

**LINDQUIST & VENNUM LLP**

By: /s/ Theodore J. Hartl
Theodore J. Hartl, #32409
Harrie F. Lewis, #10972
600 17th Street, Suite 1800 South
Denver, CO, 80202-5441
Telephone: (303) 573-5900
Facsimile: (303) 573-1956
Email: thartl@lindquist.com
Email: hlewis@lindquist.com

*Counsel for Battalion Resources, LLC, Storm Cat Energy (USA) Operating Corp., Storm Cat Energy (Powder River), LLC and Storm Cat Energy Acquisitions, LLC*

---

[1] A supplemental application to employ was filed on October 5, 2016, and granted by the Court on September 3, 2016. *See* Dkt. ##51, 76. The supplemental application relates to additional litigation services for which the Throne Law Office, P.C. will be paid via contingency fee; no fees related to that engagement are included in this Application.

**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF COLORADO**

| | |
|---|---|
| In re:<br><br>BATTALION RESOURCES, LLC<br>EIN: 27-4944324,<br><br>     Debtor. | )<br>)<br>) Case No. 16-18917 TBM<br>) Chapter 11<br>)<br>)<br>)<br>) |
| In re:<br><br>STORM CAT ENERGY (USA) OPERATING<br>CORPORATION<br>EIN: 20-2561097,<br><br>     Debtor. | )<br>)<br>) Case No. 16-18920 TBM<br>) Chapter 11<br>)<br>)<br>)<br>) |
| In re:<br><br>STORM CAT ENERGY (POWDER RIVER), LLC<br>EIN: 20-2561157,<br><br>     Debtor. | )<br>)<br>) Case No. 16-18922 TBM<br>) Chapter 11<br>)<br>)<br>) |
| In re:<br><br>STORM CAT ENERGY ACQUISITIONS, LLC<br>EIN: 45-3126793,<br><br>     Debtor. | )<br>)<br>) Case No. 16-18925 TBM<br>) Chapter 11<br>)<br>) **Jointly Administered as**<br>) **Case No. 16-18917 TBM**<br>) |

**FIRST INTERIM FEE APPLICATION OF THE THRONE LAW OFFICE, P.C. FOR**
**ALLOWANCE OF COMPENSATION AS SPECIAL COUNSEL FOR THE DEBTORS**

Battalion Resources, LLC, Storm Cat Energy (USA) Operating Corporation, Storm Cat

Energy (Powder River), LLC and Storm Cat Energy Acquisitions, LLC (the "Debtors"), pursuant

to 11 U.S.C. §§ 330 and 331, through undersigned counsel, respectfully submit on behalf of the

Throne Law Office, P.C. (the "Throne Law Office" or "Applicant") this First Interim Fee Application of the Throne Law Office, P.C. For Allowance of Compensation as Special Counsel for the Debtors (the "Application"). This Application covers the period from September 1, 2016, through January 11, 2017 (the "Application Period"), and requests approval of $11,554.25 in fees and $764.72 in expenses, for a total first interim award of $12,318.97. In support of this Application, the Debtors state as follows:

## BACKGROUND

1.      On September 8, 2016 (the "Petition Date"), the Debtors filed their voluntary petitions for relief under Chapter 11 of title 11, U.S.C. (the "Bankruptcy Code").

2.      On September 13, 2016, the Court entered orders in each of the four cases granting the Debtors' requests that the cases be jointly administered.

3.      On September 16, 2016, the Debtors file an Application to Employ the Throne Law Office, P.C. as Special Counsel (the "Application to Employ"). *See* Dkt. #34.

4.      On September 19, 2016, the Court entered an order authorizing the employment of the Throne Law Office as special counsel for the Debtors, *nunc pro tunc* to September 16, 2016. *See* Dkt. #39.

5.      As set forth in the Application to Employ, the Debtors engaged the Throne Law Office for the primary purpose of representing the Debtors in regulatory matters pending before the Wyoming Oil & Gas Conservation Commission (the "Commission") (Case No. 670-2016) in relation to the Debtors' more than 2,000 plugged and abandoned wells primarily in Sheridan and

2

Campbell Counties, Wyoming.  Throne Law Office has also addressed regulatory matters with respect to the few assets of the Debtors in the state of Montana.

6.      On October 5, 2016, Debtors filed a Supplemental Application to Employ the Throne Law Office, P.C. as Special Counsel (the "Supplemental Application to Employ"). See Dkt. #51. Through the Supplement Application to Employ, the Debtors sought to engage the Throne Law Office for the additional limited purpose of representing the Debtors in the handling, prosecution, and settlement of any and all claims that the Debtor may have against PeeGee Gas, LLC for breach of contract for failure to pay joint interest bills (the "PeeGee Litigation"). Compensation for services provided by the Throne Law Office in connection with the PeeGee Litigation shall be paid under 11 U.S.C. § 328, on a contingent fee basis at 33.33% of the gross recovery of assets that the Throne Law Office assists the Debtors in recovering, whether as a result of a contested matter, adversary proceeding, settlement, or trial. The Throne Law Office will further charge for any out-of-pocket expenses incurred on behalf of the Debtors.  The Court granted the Supplemental Application to Employ and approved the contingency fee arrangement on November 3, 2016. *See* Dkt. #76. The PeeGee Litigation is ongoing and the contingency fee approved by the Court is <u>not</u> included in, or a part of, this first interim Application.

7.      During the Application Period, the attorneys and staff of the Throne Law Office performed professional services for the Debtors under the supervision of S. Thomas Throne, Esq.

8.      Attached to this Application as **Exhibit A** are the daily time entries of Throne Law Office's timekeepers. These time entries list the dates services were rendered, describe in narrative

3

form the professional service provided by task, state the discrete time spent performing such services, and identify the individual performing the service.

9.      During the Application Period, the Throne Law Office billed a total of 72 hours, incurring corresponding time charges of $11,554.25. In addition, expenses totaling $764.72 are identified in each of Applicant's invoices, consisting largely of travel and filing fees related to the pending regulatory matters.  As noted in the invoices, Throne Law Office allocated 1/2 of the billing charges to the Debtors and 1/2 to Summit Gas Resources, Inc. ("Summit").  Summit is an affiliate of the stalking horse purchaser and the matters for which Throne Law Office has been appearing on behalf of the Debtors related to the pending sale of substantially all of the Debtors' assets. The fee allocation reasonable and does not, in the Debtors' view, raise issues related to disinterestedness.

## APPLICABLE STANDARDS

10.      Section 330 of the Bankruptcy Code contemplates an award of "reasonable compensation for actual, necessary services rendered [and] reimbursement for actual, necessary expenses." 11 U.S.C. § 330(a)(1)(A) and (B). Assessing "reasonable compensation" in any case requires the Court to gauge "the nature, the extent, and the value" of the services rendered, mindful of the statutory factors, which include: (a) the time spent on the services; (b) the rates charged; (c) whether the services were necessary to the administration of the case or beneficial at the time the services were rendered toward the completion of the case; (d) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed; (e) whether the professionals are

4

board certified or otherwise skilled and experienced in the bankruptcy field; and (f) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under the Bankruptcy Code. *See* 11 U.S.C. § 330(a)(3).

11.     In addition to the statutory standards for assessing a reasonable fee, the Court may consider twelve factors set forth in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974). The Tenth Circuit Court of Appeals "has long applied the *Johnson* lodestar factors to assess 'reasonableness' of attorney's fees in a variety of contexts and has also specifically determined that the test applies to attorney fee determinations under § 330(a)(1)" of the Bankruptcy Code. *Connolly v. Harris Trust Co. (In re Miniscribe Corp.)*, 309 F.3d 1234, 1244 (10th Cir. 2002); *see In re Permian Anchor Servs., Inc.,* 649 F.2d 763, 768 (10th Cir. 1981); *accord In re Recycling Indus., Inc.*, 243 B.R. 396, 400 n.2 (Bankr. D. Colo. 2000) (noting that "[t]he 1994 amendments to the Bankruptcy Code incorporated and clarified many of the judicial standards and practices, including the *Johnson* factors regarding the allowance of professional fees"). The factors bearing on reasonable compensation from developed case law, including *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974), apply under the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA"). *See, e.g., In re McNally*, No. 06-10073, 2006 WL 2348687 (Bankr. D. Colo. Aug. 10, 2006) (unpublished) (applying *Johnson* factors in considering Chapter 13 fee applications under BAPCPA).

12.     The so-called '*Johnson*' factors are: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service

properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and results obtained; (9) the experience, reputation and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases." *Recycling Indus.*, 243 B.R. at 400 n.2.

13.     As set forth in more detail with this Application as **Exhibit A**, the Debtors believe that the services rendered and resulting fees are reasonable, necessary, and beneficial to the Debtors' estates for purposes of approval.[1] The Throne Law Office is continuing to assist the Debtors before the Commission and regulatory authorities and separately with respect to the PeeGee Litigation. Overall, the services of Throne Law Office have been instrumental in the Debtors' efforts.

WHEREFORE, the Debtors request entry of an order granting this Application, and approving $11,554.25 in fees and $764.72 in expenses, for a first interim award of $12,318.97 for the Throne Law Office.

Dated this 13th day of January, 2017.

---

[1] A modest amount of work was performed in the days leading up to the Petition Date. Insofar as the services were an integral part of lead-up to the Debtors' filings, the Debtors believe that those fees are compensable under *Frank's Law Corp. v. St. Vrain Station Co. (In re St. Vrain Station Co.)*, 151 B.R. 549, 552 (D. Colo. 1993).

6

**LINDQUIST & VENNUM LLP**

By: _/s/ Theodore J. Hartl_____
Theodore J. Hartl, #32409
Harrie F. Lewis, #10972
600 17th Street, Suite 1800 South
Denver, CO, 80202-5441
Telephone: (303) 573-5900
Facsimile: (303) 573-1956
Email: thartl@lindquist.com
Email: hlewis@lindquist.com

*Counsel for Battalion Resources, LLC, Storm Cat Energy*
*(USA) Operating Corp., Storm Cat Energy (Powder River),*
*LLC and Storm Cat Energy Acquisitions, LLC*

7