# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| In re:<br><br>BATTALION RESOURCES, LLC<br>EIN: 27-4944324,<br><br>    Debtor. | )<br>)<br>) Case No. 16-18917 TBM<br>) Chapter 11<br>)<br>)<br>)<br>) |
| In re:<br><br>STORM CAT ENERGY (USA) OPERATING<br>CORPORATION<br>EIN: 20-2561097,<br><br>    Debtor. | )<br>)<br>) Case No. 16-18920 TBM<br>) Chapter 11<br>)<br>)<br>)<br>) |
| In re:<br><br>STORM CAT ENERGY (POWDER RIVER), LLC<br>EIN: 20-2561157,<br><br>    Debtor. | )<br>)<br>) Case No. 16-18922 TBM<br>) Chapter 11<br>)<br>)<br>)<br>) |
| In re:<br><br>STORM CAT ENERGY ACQUISITIONS, LLC<br>EIN: 45-3126793,<br><br>    Debtor. | )<br>)<br>) Case No. 16-18925 TBM<br>) Chapter 11<br>)<br>) **Jointly Administered as**<br>) **Case No. 16-18917 TBM**<br>)<br>) |

## COVERSHEET FOR
## THIRD INTERIM APPLICATION OF LINDQUIST AND VENNUM LLP FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES

Name of Applicant: Lindquist & Vennum LLP

Authorized to Provide Professional Services to: Battalion Resources, LLC, Storm Cat Energy (USA) Operating Corporation, Storm Cat Energy (Powder River), LLC and Storm Cat Energy Acquisitions, LLC (the "Debtors")

Date of Order Authorizing Employment: October 4, 2016, *nunc pro tunc* to September 8, 2016

Period for Which Compensation is Sought: May 1, 2017, through October 31, 2017

Amount of Fees Sought: $56,446.00
Amount of Costs Sought: $1,175.42
Total Amount Sought: $57,621.42

This is a: Third Interim Application

If this is <u>not</u> the first application filed herein by this professional, disclose as to all prior fee applications:

| Date Filed | Period Covered | (Fees / Expenses) | Total Requested | Total Allowed |
|---|---|---|---|---|
| 1/13/2017 | 9/8/2016-12/31/2016 | $65,165.00/$4,916.44 | $70,081.44 | $70,081.44 |
| 6/1/2017 | 1/1/2017-4/30/2017 | $39,855.50/$1,175.42 | $40,603.15 | $40,603.15 |

The aggregate amount of fees and expenses paid to the Applicant to date for fees in these Chapter 11 cases is $110,684.59.[1]

      Dated this 28th day of November, 2017.

<strong>LINDQUIST & VENNUM LLP</strong>

By:   /s/ Theodore J. Hartl
Theodore J. Hartl, #32409
600 17th Street, Suite 1800 South
Denver, CO, 80202-5441
Telephone: (303) 573-5900
Facsimile: (303) 573-1956
Email: thartl@lindquist.com

*Counsel for Battalion Resources, LLC, Storm Cat Energy (USA) Operating Corp., Storm Cat Energy (Powder River), LLC and Storm Cat Energy Acquisitions, LLC*

---

[1] Of which $86,982.75 was paid by the Debtors and $23,701.84 was paid from the prepetition retainer approved by the Court. Applicant currently holds a remaining retainer balance of $5,000.00 of the date of this Application.

2

**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF COLORADO**

| | |
|---|---|
| In re:<br><br>BATTALION RESOURCES, LLC<br>EIN: 27-4944324,<br><br>    Debtor. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)  Case No. 16-18917 TBM<br>  Chapter 11 |
| In re:<br><br>STORM CAT ENERGY (USA) OPERATING<br>CORPORATION<br>EIN: 20-2561097,<br><br>    Debtor. | )<br>)<br>)<br>)<br>)<br>)<br>)  Case No. 16-18920 TBM<br>  Chapter 11 |
| In re:<br><br>STORM CAT ENERGY (POWDER RIVER), LLC<br>EIN: 20-2561157,<br><br>    Debtor. | )<br>)<br>)<br>)<br>)<br>)  Case No. 16-18922 TBM<br>  Chapter 11 |
| In re:<br><br>STORM CAT ENERGY ACQUISITIONS, LLC<br>EIN: 45-3126793,<br><br>    Debtor. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)  Case No. 16-18925 TBM<br>  Chapter 11<br><br>  **Jointly Administered as**<br>  **Case No. 16-18917 TBM** |

**THIRD INTERIM APPLICATION OF LINDQUIST AND VENNUM LLP FOR
ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES**

Lindquist & Vennum LLP ("L&V" or "Applicant"), as counsel for Battalion Resources, LLC, Storm Cat Energy (USA) Operating Corp., Storm Cat Energy (Powder River), LLC and Storm Cat Energy Acquisitions, LLC (the "Debtors"), pursuant to 11 U.S.C. §§ 330 and 331, hereby submits its Third Interim Application for Allowance of Compensation and

Reimbursement of Expenses (this "Application"). The Application covers the period from May 1, 2017, through October 31, 2017 (the "Application Period"), and requests approval of $56,446.00 in fees and $1,175.42 in expenses, for a total third interim award of $57,621.42.

## BACKGROUND

1.     On September 8, 2016 (the "Petition Date"), the Debtors filed their voluntary petitions for relief under Chapter 11 of title 11, U.S.C. (the "Bankruptcy Code").

2.     On September 13, 2016, the Court entered orders in each of the four cases granting the Debtors' requests for joint administration.

3.     On October 4 and 5, 2016, the Court authorized the employment of L&V as counsel for the Debtors, *nunc pro tunc* to Petition Date. *See* Dkt. #49, Case No. 16-18917 TBM; Dkt. #27, Case No. 16-18920 TBM; Dkt. #26, Case No. 16-18922 TBM; and Dkt. #26, Case No. 16-18925 TBM.

4.     During the Application Period, the attorneys and paralegals of L&V identified in **Exhibit A** performed legal services on behalf of the Debtors at the rates noted. **Exhibit A** notes each timekeeper's hourly rate as applied during the Application Period.

5.     Attached to this Application as **Exhibit B** is a narrative summary of the work performed by L&V for the Debtors during the Application Period, along with the fees incurred and the hours expended by each timekeeper.

6.     Attached to this Application as **Exhibit C** are the daily time entries of L&V's timekeepers. These time entries contain further detail, listing the dates services were rendered, describing in narrative form the legal service provided by task, stating the discrete time spent performing such services, and identifying the individual performing the service. A discrete

breakdown of each timekeeper's hours and the billable rates for those hours is also summarized in **Exhibit C.**

7.     The time entries listed in **Exhibit C** reflect the time billed by attorneys and paralegals. Applicant endeavored to assign associates and paralegals to as many tasks as possible. All work is, however, performed under the supervision of the billing attorney for the case. The use of associates and paralegals in this case benefited the estate by keeping billing rates lower.

8.     During the Application Period, L&V's timekeepers billed a total of 116.45 hours, incurring corresponding fees in the amount of $56,446.00.

9.     Attached to this Application as **Exhibit D** is a categorical breakdown of expenses for the time period covered by this Application, which total $1,175.42. Also included in **Exhibit D** is a Cost Summary detailing each individual expense. Pursuant to L.B.R. 2016-1 (a)(4), expense invoices and backup documentation for amounts over $25.00 have been retained by L&V and are available for review upon request by the Court or any party in interest.

## APPLICABLE STANDARDS

10.     Section 330 of the Bankruptcy Code contemplates an award of "reasonable compensation for actual, necessary services rendered [and] reimbursement for actual, necessary expenses." 11 U.S.C. § 330(a)(1)(A) and (B). Assessing "reasonable compensation" in any case requires the Court to gauge "the nature, the extent, and the value" of the services rendered, mindful of the statutory factors, which include: (a) the time spent on the services; (b) the rates charged; (c) whether the services were necessary to the administration of the case or beneficial at the time the services were rendered toward the completion of the case; (d) whether the services were performed within a reasonable amount of time commensurate with the complexity,

3

importance, and nature of the problem, issue, or task addressed; (e) whether the professionals are board certified or otherwise skilled and experienced in the bankruptcy field; and (f) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under the Bankruptcy Code. *See* 11 U.S.C. § 330(a)(3).

11.     In addition to the statutory standards for assessing a reasonable fee, the Court may consider twelve factors set forth in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974). The Tenth Circuit Court of Appeals "has long applied the *Johnson* lodestar factors to assess 'reasonableness' of attorney's fees in a variety of contexts and has also specifically determined that the test applies to attorney fee determinations under § 330(a)(1)" of the Bankruptcy Code. *Connolly v. Harris Trust Co. (In re Miniscribe Corp.)*, 309 F.3d 1234, 1244 (10th Cir. 2002); *see In re Permian Anchor Servs., Inc.,* 649 F.2d 763, 768 (10th Cir. 1981); *accord In re Recycling Indus., Inc.*, 243 B.R. 396, 400 n.2 (Bankr. D. Colo. 2000) (noting that "[t]he 1994 amendments to the Bankruptcy Code incorporated and clarified many of the judicial standards and practices, including the *Johnson* factors regarding the allowance of professional fees"). The factors from developed case law that bear on reasonable compensation, including the *Johnson* factors, continue to apply under the Bankruptcy Code. *See, e.g., In re McNally*, No. 06-10073, 2006 WL 2348687 (Bankr. D. Colo. Aug. 10, 2006) (unpublished).

12.     "The so-called '*Johnson*' factors are: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and results obtained; (9) the experience,

4

reputation and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases." *Recycling Indus.*, 243 B.R. at 400 n.2.

13.     As summarized in **Exhibit B**, and set forth in more detail with this Application as **Exhibit C**, L&V believes that the services rendered and resulting fees and expenses are reasonable, necessary, and beneficial to the Debtors' estate for purposes of approval.  Applicant has continued to assist the Debtors in administering their Chapter 11 cases, consummating a successful sale of assets for the benefit of the estate. Applicant has worked with creditors to obtain the consensual use of cash collateral as required for estate administration and are working toward a final outcome in these cases.  In the interim, monthly reports have been timely filed, fees of the United States Trustee have been paid, and L&V has endeavored to provide efficient representation to the Debtors. The fees and costs requested in this interim application are within the terms of the cash collateral budget with respect to professionals, as extended from time to time to finalize these cases. *See* Dkt. #18-1; Dkt. #89.

14.     As disclosed in its employment application and approved by the Court, L&V held a prepetition retainer in the amount of $28,701.84. *See* Dkt. #6 and #49. Following approval of L&V's First Interim Application for Allowance of Compensation and Reimbursement of Expenses (Dkt. #107, "L&V's First Fee Application"), $13,701.84 of the retainer was applied toward the approved first interim award of $70,081.44. *See* Order Granting L&V's First Fee Application, Dkt. #129. Following approval of L&V's Second Interim Application for Allowance of Compensation and Reimbursement of Expenses (Dkt. #105, "L&V's Second Fee Application"), $10,000 of the retainer was applied toward the approved second interim award of $40,603.15. *See* Order Granting L&V's Second Fee Application, Dkt. #166. The remaining

balance of the retainer currently held by L&V is $5,000. L&V requests authority to apply some or all of the retainer to any fees and expenses approved in this Application, as deemed appropriate by the Debtors and L&V. The application of any portion of the retainer to approved interim fees will be disclosed in subsequent interim and final fee applications.

WHEREFORE, Lindquist & Vennum LLP respectfully requests entry of an order granting this Application, approving $56,446.00 in fees and $1,175.42 in expenses, for a total Third Interim award of $57,621.42, and authorizing the application of some or all of the prepetition retainer to approved interim fees.

Dated this 28th day of November, 2017.

**LINDQUIST & VENNUM LLP**

By: /s/ Theodore J. Hartl
Theodore J. Hartl, #32409
600 17th Street, Suite 1800 South
Denver, CO, 80202-5441
Telephone: (303) 573-5900
Facsimile: (303) 573-1956
Email: thartl@lindquist.com

*Counsel for Battalion Resources, LLC, Storm Cat Energy (USA) Operating Corp., Storm Cat Energy (Powder River), LLC and Storm Cat Energy Acquisitions, LLC*

6